73 So.2d 238

### OPINION OF THE JUSTICES.

#### No. 136.

Supreme Court of Alabama.

June 7, 1954.

Inquiry by the Governor.

To The Honorable
Chief Justice and Associate Justices
Supreme Court of Alabama.

Sirs:

Your written opinion on the following important constitutional question is requested under authority of Article 3, Chapter 2, Title 13 of the Code of Alabama 1940.

The 1953 Legislature, in passing Act No. 825, page 1111, provided a method by which the Director of Conservation on behalf of the State could enter into lease agreements, with the written approval of the Governor, for the leasing of oil and gas on certain State lands. For your information, I am attaching hereto a copy of the standard lease form used by the State for oil and gas leases.

Some question has arisen as to the constitutionality of Act No. 825 in view of the provisions contained in Section 135, Article 5, 1901 Constitution of Alabama.

Is an oil and gas lease executed under the provisions of Act No. 825, supra, in

conflict with and repugnant to the provisions of Section 135, Article 5, Constitution of 1901?

With great respect, I am

Sincerely yours,
Gordon Persons
Governor

To the Governor of Alabama
CAPITOL
Montgomery, Alabama

Dear Sir:

We acknowledge receipt of your communication of May 31, 1954, in which you request our written opinion as to the constitutionality of Act No. 825, approved September 19, 1953, which appears at pp. 1111–1112 et seq., General Acts of Alabama of 1953.

We set out § 135 of the Constitution of Alabama of 1901 as follows:

"All grants and commissions shall be issued in the name and by the authority of the State of Alabama, sealed with the great seal of the state, signed by the governor and countersigned by the secretary of state."

Section 6 of the Act under consideration and to which we have referred provides as follows:

"All leases, pooling or unitization agreements, agreements amending existing leases or any part thereof, executed under the provisions of this Act by the Director of Conservation must be approved, in writing, by the Governor."

■ We consider that the word "grants" which appears in the foregoing constitutional provision is used in a generic sense and embraces leases. Huddleston v. Humble Oil Refining Co., 260 Ala. 384, 71 So. 2d 39.

■ The Act expressly requires the written approval of the governor which in effect is a compliance with § 135 of the constitution so far as the governor is concerned. There is no provision in the Act for the countersignature of the secretary of state. But there is nothing in the act which provides that the grant would be good without such countersignature. There is therefore no effort in the Act to provide a procedure contrary to the constitution. The provisions of § 135 are self-executing. Since the form of the lease attached to the inquiry provides for the written approval of the governor and also for attestation of the secretary of state, which will require the secretary of state to affix "The Great Seal of the State of Alabama", in accordance with §§ 133 and 134 of the constitution, we consider that an oil and gas lease executed in accordance with such form, will be in compliance with §§ 133, 134 and 135 of the Constitution of Alabama of 1901.

Respectfully yours,
(signed) J. ED LIVINGSTON
Chief Justice
(signed) ROBERT T. SIMPSON
Associate Justice
(signed) DAVIS F. STAKELY
Associate Justice
(signed) JOHN L. GOODWYN
Associate Justice
(signed) PELHAM J. MERRILL
Associate Justice